IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BB COMMUNITY LEASING SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)  Case No. 24-cv-2511-SMY |
| vs. | )<br>) |
| THE PALLET WORLD, LLC, et al. | )<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff BB Community Leasing Services sued Defendants the Pallet World, LLC, Frederick Harrold, and Stephanie Harrold for breaching an agreement and replevin. On February 26, 2025, the Clerk of Court entered default against the defendants (Doc. 9). Now before the Court is Plaintiff's motion for default judgment (Doc. 10). For the following reasons, the motion is **GRANTED.**

## Background

Plaintiff makes the following allegations in the Complaint (Doc. 1): Between August 2021 and February 2022, Defendants leased equipment under four lease schedules: (1) a notcher for $76,550.63 with 48 monthly payments of $1,789.90 starting December 17, 2021; (2) a 2021 East Texas car hauler trailer for $10,150.79 with 48 monthly payments of $237.42 starting January 1, 2022; (3) a 2022 East Texas dump trailer for $18,383.50 with 48 monthly payments of $429.98 starting January 1, 2022; and (4) a 2019 International 4300 truck for $68,875.00 with 60 monthly payments of $1,332.95. (Doc. 1, pp. 2–4). Defendants then defaulted the rental payments. As of September 1, 2024, Defendants owed $7,804.24 (*Id.*, p. 5).

Under the equipment lease agreement, Plaintiff is entitled to the full amount of rent due for the remainder of the lease term upon an event of default, defined as a failure to pay equipment rent for more than 10 days (Doc. 10-2, p. 5). The laws of the State of Wisconsin govern the agreement (*Id*., p. 6). The Court has subject matter jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332.

## Discussion

Under Federal Rules of Civil Procedure 55, the court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

Complaint allegations regarding damages are not deemed true on default. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* The determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* at 793.

Here, all defendants were served by December 24, 2024, and none of them answered or otherwise defended this action (Docs. 5–7). Plaintiff now seeks the total lease balance due, attorneys' fees and costs, and replevin of the equipment on default. Attached to Plaintiff's motion is an affidavit of Linda Lease, President and Managing Director for Plaintiff. (Doc. 10-2). Lease confirms the facts alleged in the Complaint and avers that $83,615.44 remains due and owing

under the lease agreements (*Id.*). Plaintiff seeks the remaining rent and immediate repossession of the equipment, as well as attorneys' fees and costs in the amount of $7,352.01, supported by affidavits from Ms. Lease and Attorney Emily Plakon (Docs. 10-1; 10-2).

Although Wisconsin permits the recovery of future rents, such remedy requires the lessor to "credit the lessee with the re-rental value, fair market value on sale, or depreciated value of the equipment at the time of default." *United Leasing & Financial Services, Inc. v. R. F. Optical, Inc.*, 103 Wis.2d 488, 493 (Ct. App. 1981) (citing *Siletz Trucking Co. v. Alaska International Trading Co.*, 467 F.2d 961, 963 (9th Cir. 1972)). That is because granting both immediate repossession and the full amount of future rent, without requiring Plaintiff to account for any proceeds from re-rental or resale, would result in windfall and unjust enrichment. Additionally, if Defendants tender the full amount of future rent before the lease term ends, the payment must be discounted to present value. *United Leasing & Financial Services, Inc.*, 103 Wis.2d at 495.

## Conclusion

For the foregoing reasons, Plaintiff BB Community Leasing Services' motion for default judgment (Doc. 10) is **GRANTED.** The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiff in the amount of $90,967.45 plus pre- and post- judgment fees and interest, including repossession costs, subject to appropriate credit for any amounts recovered through resale or re-rental of the equipment during the remaining lease term, and any prepayment of future

rent must be discounted to present value. Defendants are **ORDERED** to immediately return the equipment and are **ENJOINED** from taking any action that may impair the value of the equipment.

    **IT IS SO ORDERED.**

    **DATED: May 12, 2025**

                                        **STACI M. YANDLE**
                                        **United States District Judge**